Johnston, Ch.
delivered the opinion of the Court.
The first ground of appeal, which excepts to the competency of certain witnesses, seems to be obviated by the consideration, that the decree does not depend on the testimony objected to.
The second and third grounds, in relation to the answer of Norton and wife, involve matters within the discretion of the Chancellor; in the exercise of which we do not perceive any evidence of mistake on his part.
The remaining point pressed in argument, relates to the advancement made by the intestate to his daughter, Mrs. Norton.
By the order of reference the Commissioner was directed to estimate the advancements by the worth of the property at the intestate’s death, having reference to its condition when given, without regard to stipulations between the intestate and the advanced distributees, intended to fix a different value upon it.
In the instance before us, it appears that the intestate made a bill of sale to his son-in-law, Norton, for a slave, named Jim, estimated in the deed at the value of $1000 — of which sum Norton paid $400 to the children of Mrs. Williams, by the direction of the intestate, as an advancement to them ; and it was agreed that the negro, as to the remaining $600, should constitute an advancement to his wife.
By the evidence before the Commissioner, it appeared that this slave, in the condition in which he was thus received, was worth $700, at the death of the intestate; and the Commissioner, in making up the accounts, charged the children of Mrs. Williams, as an advancement, with $480, (being the sum of $400, paid them, with interest thereon;) and, deducting that sum from the value of the negro, charged the balance, ($220,) to Mrs. Norton, as an advancement to her.
When the report of the Commissioner came before the Chancellor, the directions, contained in the order of reference, were overlooked; and he decreed that the advancement of Mrs. Norton should he charged at $600, and ordered that the report be corrected accordingly.
It appears to the Court, that the direction given in the order of reference was correct, and that the report should be conformed to it.
The true intention of the Statute of 1791, as expounded in McCaw vs. Blewit, (2 McC. C. R. 90,) is, “that the estate of an intestate ancestor,” (including advancements,) “ is to be considered as a common fund, out of which each child is to draw, at the intestate’s death, an equal portion ” — in as *128 certaining which, “ that part which has been given,” or advanced, “ is to be estimated at what it is worth at the intestate’s death, relation being had to its situation at the time of the gift.”
The valuation of advancements has a material influence in the distribution of the property remaining in the hands of the intestate, at the time of his death: because the proportions in which the respective distributees are to participate in the latter, must depend on the higher or lower value to be put on the former. This needs no illustration.
The question, then, is, whether a mere direction by the intestate, as to the valuation of his advancements, can take the property, of which he dies possessed, out of the operation of the law of intestacy — or modify its distribution under that law; and we are of opinion it cannot. Any act by which a decedant exercises a control in the disposition or distribution of property belonging to him at his death, is, essentially, a testamentary act, and requires the formalities of a will. In the absence of a testamentary disposition, the Statute controls the distribution of the property, as intestate property; and it is not competent for a party to give any other direction than the statute gives, unless, by a will, he deprives the property, itself, of the character of intestacy, in virtue of which the Statute assumes the disposal of it. (See Young vs. Lorick, Columbia Eq. MS. D. p. 193; and Sheppard vs. Sheppard, Id. 197, where the same doctrine is held.)
It follows from these views, that the Chancellor should have ordered that the report be corrected, by charging the advancement of the children of Mrs. Williams at $400, instead of $480; and that of Mrs. Norton, at $300, instead of $220. And it is ordered that the decree and the report of the Commissioner be so modified.
In all other respects the decree is aiflrmed.
Harper, Ch. concurred.

JDecree modified.